JUDGMENT: Affirmed
 OPINION
On August 21, 1992, the Morgan County Grand Jury indicted appellant, Glen Seibel, on seven counts of rape in violation of R.C. 2907.02 and one count of felonious sexual penetration in violation of R.C. 2907.12. Said charges arose from incidents involving appellant's three minor daughters, two under the age of thirteen. On May 31, 1994, appellant pled guilty pursuant to a plea agreement to one count of rape and two counts of corruption of a minor involving two of his daughters. By journal entry filed same date, the trial court sentenced appellant to a total term of twelve to twenty-seven years in prison. On April 7, 1999, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By journal entry filed April 12, 1999, the trial court classified appellant as a "sexual predator." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED BY ENTERING AN ORDER OVERRULING APPELLANT'S MOTION TO CHALLENGE THE CONSTITUTIONALITY OF OHIO REVISED CODE SECTION 2950.01 ET. SEQ. (OHIO'S MEGAN'S LAW) AND THEN FINDING THAT SUCH STATUTORY SCHEME WAS CONSTITUTIONAL.
 II THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION THAT OHIO REVISED CODE SECTION 2950.01 ET. SEQ. WAS UNCONSTITUTIONAL AND THAT IT VIOLATED ARTICLE I, SECTION I AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
 III THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING THAT APPELLANT WAS A SEXUAL PREDATOR AS TO FIND BY SECTION 2950.01
ET. SEQ. OF THE OHIO REVISED CODE WHEN SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
This court has previously reviewed these arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported, and State v. Terry Milam (September 29, 1999), Holmes App. No. 97CA585, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. Assignments of Error I and II are denied.
 III
Appellant argues the trial court's classification was against the manifest weight of the evidence. We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Upon review, we find the trial court did consider the above factors. The bill of particulars filed September 4, 1992 indicates between January 1, 1992 and August 11, 1992, appellant engaged in vaginal and anal intercourse and fellatio with one of his daughters under the age of thirteen. Also, between August 1, 1989 and August 1, 1990, appellant engaged in vaginal and anal intercourse with another daughter who was a minor but over the age of thirteen. Lastly, the bill of particulars indicates between August 16, 1990 and August 15, 1992, appellant engaged in vaginal and anal intercourse with a third daughter, a toddler. At the hearing, the trial court heard appellant is forty-seven years old and the natural father of the victims, all minors. T. at 7-8. Appellant has some mental disabilities. T. at 7. The trial court had before it a psychological evaluation of appellant prepared by Dr. Kristen Haskins (Defendant's Exhibit 1). T. at 2. Said evaluation states appellant suffers from Major Depressive Disorder, Dysthymic Disorder and Axis II/Obsessive Compulsive Disorder. T. at 9. Appellant argues offenders who commit incest have "the lowest recidivism rate of any kind of offender who is charged with a sex offense." Id. In support, appellant submitted a sex offender study "commissioned by Governor Voinovich under the supervision of the Department of Rehabilitation and Correction" (Defendant's Exhibit 2). Id. Said study included recidivism rates. The trial court reviewed the rates and found "[r]apists total recidivism 48.7 percent sexual recidivism 13.1, teen molesters total recidivism 31.1 sexual recidivism 4.6. Child molesters total 21.9 sexual recidivism being defined as another sex offense.* * * 6.3, and then incest 8.6 percent total and 4.7 sexual recidivism." T. at 13-14. Based upon the above factors, the trial court concluded appellant is likely to reoffend and therefore should be classified a "sexual predator" as defined in R.C.2950.01(E). T. at 14. Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.